# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RIKI ROASH,

         Plaintiff,

vs.

AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT,

         Defendant.

Case No.: 2:19-cv-00035-GMN-BNW

**ORDER**

Pending before the Court is the Motion for Judgment on the Pleadings, (ECF No. 20), filed by Defendant Automobile Insurance Company of Hartford, Connecticut ("Defendant"). Plaintiff Riki Roash ("Plaintiff") filed a Response, (ECF No. 25), and Defendant filed a Reply, (ECF No. 28). For the reasons discussed below, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion.

**I.**    **BACKGROUND**

This case concerns a dispute over insurance coverage for water damage pursuant to a Home Insurance Policy ("Policy") between Defendant and Plaintiff. The Policy insured Plaintiff's home located at 314 Wind River Drive, Henderson, Nevada 89014 ("Property"), and it was effective on November 14, 2014, through November 4, 2015. (Compl. ¶ 7, ECF No. 1-1). Plaintiff states that the Policy insured her Property for "dwelling damage up to $493,000.00, other structures up to $49,300.00, household furnishings up to $5,000.00 and loss of use up to $49,300.00." (*Id.*).

The water damage at issue in this case occurred on October 6, 2015, when Plaintiff discovered water "spilling out of her house" after a water heater burst. (*Id.* ¶¶ 7−10); (Letter

from Def. to Pl. dated November 3, 2015, Ex. 1 to Resp., ECF No. 25-1).[1] Plaintiff immediately informed Defendant of this incident to invoke her Policy's coverage; and Defendant's insurance adjuster, Marquise Brown, advised Plaintiff to stay at a hotel, purchase necessary items, and that Defendant would reimburse her. (Compl. ¶ 10).

Despite Marquise Brown's advice, Defendant sent Plaintiff a letter on November 3, 2015, which denied coverage of Plaintiff's living expenses and damages to her personal property. (*Id.* ¶¶ 7–11); (Letter from Def. to Pl. dated November 3, 2015, Ex. 1 to Resp.). Moreover, Plaintiff states in her Complaint that Defendant's November 3, 2015 Letter "wrongfully refused to provide coverage for *any* repairs." (Compl. *¶* 11) (emphasis added). Without repairs and insurance assistance, Plaintiff was "forced to find another residence," and she eventually had to short sell the Property. (*Id.* ¶ 13).

Based on Defendant's denial of insurance coverage, Plaintiff brought this lawsuit in Nevada state court on October 23, 2018, asserting four causes of action: (1) breach of contract; (2) contractual breach of the implied covenant of good faith and fair dealings; (3) tortious breach of the implied covenant of good faith and fair dealings; and (4) insurance unfair trade practices. (*Id.* ¶¶ 14–40). Defendant removed this case from Nevada state court to this Court on January 4, 2019. (Pet. Removal, ECF No. 1).

Around eight months after removal, Defendant filed its Motion for Judgment on the Pleadings, (ECF No. 20). Defendant seeks judgment on the ground that Plaintiff's claims are untimely because they fail to comply with a provision in the Policy limiting when an action can be brought after denied coverage.

---

[1] Neither the Policy nor the November 3, 2015 Letter from Defendant to Plaintiff are attached to the Complaint. Instead, the Policy is attached as Exhibit A to Defendant's Motion for Judgment on the Pleadings, (ECF No. 20-1); and the November 3, 2015 Letter is attached as Exhibit 1 to Plaintiff's Response, (ECF No. 25-1). The Court nonetheless considers these documents without converting Defendant's Motion for Judgment on the Pleadings into one for summary judgment because Plaintiff's Complaint references the Policy and Letter to support her claims, neither party disputes the accuracy of Defendant's Exhibit A or Plaintiff's Exhibit 1, and both parties rely on these Exhibits for their arguments. *Cf. Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

## II. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "[J]udgment on the pleadings is proper 'when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law.'" *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007) (citation omitted).

Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are "functionally identical" to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Moreover, when reviewing a motion for judgment on the pleadings pursuant to Rule 12(c), a court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). The allegations of the nonmoving party must be accepted as true while any allegations made by the moving party that have been denied or contradicted are assumed to be false. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006).

## III. DISCUSSION

Defendant argues that a provision in its Policy with Plaintiff required her to bring all claims based on the October 6, 2015 water damage within two years of the incident. (Mot. J. 5:13–6:21, ECF No. 20). The specific Policy provision invoked by Defendant states:

> **7. Suit Against Us**. No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started within two years after the date of loss.

(Certified Policy at 18, Ex. A to Def.'s Mot. J., ECF No. 20-1). Moreover, Defendant contends that, when looking just to Plaintiff's Complaint as the Court must do when reviewing the motion for judgment on the pleadings, Plaintiff identifies only one date other than October 6,

2015, which could serve as a beginning point for the Policy's two-year limit: Defendant's November 3, 2015 Letter denying insurance coverage. (Mot. J. 6:10–21). Because Plaintiff filed her Complaint more than two years after both the October 2015 damage and the November 2015 Letter denying coverage, Defendant concludes that judgment on the pleadings is appropriate since no claim could possibly be timely. (*Id.* 5:13–6:21).

As explained below, the Court agrees in part with Defendant. When looking solely to the allegations in Plaintiff's Complaint, alongside the documents referenced in that Complaint and appropriate for review at this stage, Plaintiff's suit appears barred by the Policy's two-year limitation provision. However, even though Plaintiff's suit is untimely under her current allegations, the Court grants Plaintiff leave to amend the Complaint because she may be able to provide additional factual allegations that make this action timely.

**A. Judgment on the Pleadings**

Nevada law permits an insurer to protect itself from "remote claims" by "implementing explicit, unambiguous time limitations in its insurance contracts," so long as the limitation provision does not run "afoul of important public policy considerations." *Compare State Farm Mut. Auto. Ins. Co. v. Fitts*, 99 P.3d 1160, 1162 (Nev. 2004) (citing *Grayson v. State Farm Mut. Auto. Ins.*, 971 P.2d 798, 800 (Nev. 1998), *as modified on denial of reh'g* (Mar. 19, 1999)) (finding that a policy provision's time limitation for claims based on underinsured/uninsured motorist benefits was unenforceable based on public policy grounds), *with Walker v. Am. Bankers Ins. Grp.*, 836 P.2d 59, 63 (Nev. 1992), *and Williams v. Travelers Home & Marine Ins. Co.*, 740 F. App'x 134 (9th Cir. 2018) (recognizing an insurance policy's limitation period in the context of personal property losses). Nevertheless, courts toll an insurance contract's period of limitations so that it does not run between the time an insured gives notice of the loss to an insurer and the insurer's formal denial of liability. *Walker*, 836 P.2d at 62 (quotations and citations omitted).

In *Walker v. American Bankers Insurance Group*, for example, the court considered an insurance provision like the one in Defendant's Policy here, which required suits to be brought "within one year after the loss." *Id.* at 60. The *Walker* court recognized that, because the insured "immediately notified" his insurance company of a fire that damaged his house and personal property on December 16, 1988, "the one-year limitation period was tolled until [the insurer] formally denied its liability to [the insured]." *Id.* at 62–63. The one-year period was then tolled until December 10, 1990, when the insured and insurer ended their continued negotiations about coverage. *Id.*

Here, the incident which appears to commence the Policy's two-year limitations period is the water heater burst on October 6, 2015. However, Plaintiff alleges that she "immediately informed [Defendant] of the incident." (Compl. ¶ 9). Nevada law thus tolled the Policy's two-year window so that it did not commence until Defendant formally denied coverage. *See, e.g.*, *Walker*, 836 P.2d at 62. As a result, the crucial issue for purposes of this suit's timeliness is when Defendant formally denied insurance coverage.

Based on the Complaint, Defendant identifies its November 3, 2015 Letter as the act which formally denied coverage and commenced the Policy's two-year limitations period. (Mot. J. 6:10–21). Plaintiff, by contrast, contends that the November 3, 2015 Letter denied only two parts of coverage (personal property losses and living expenses), and that Defendant engaged in a series of reassessments and discussions about coverage *after* November 3, 2015. (Resp. 9:6–10:24). According to Plaintiff, these continued reassessments and discussions ended, at the earliest, on November 8, 2016, when Defendant sent Plaintiff an additional denial letter. (*Id.* 10:7–24).

In the procedural posture of Defendant's Motion for Judgment on the Pleadings, the Court's focus is limited to the Complaint's allegations and those documents which the Complaint incorporates by reference or are subject to judicial notice. *See, e.g.*, *Cornejo v.*

*Ocwen Loan Servicing*, *LLC*, 151 F. Supp. 3d 1102, 1107 (E.D. Cal. 2015). And with that focus, the Complaint and its supporting documents reveal November 3, 2015, as the date which triggered the Policy's two-year limitations period. The Court draws this conclusion largely from the Complaint's eleventh paragraph, stating how Defendant informed Plaintiff on November 3, 2015, that it "would not be covering her claimed personal property and living expense damages." (Compl. ¶ 11). That same paragraph alleges how Defendant refused coverage for "any repairs"; and the Complaint provides no other date than November 3, 2015, for this broad denial. (*Id.*). Moreover, Defendant's November 3, 2015 Letter instructs Plaintiff to review the "Suit Against Us" provision in the Policy because it contains "important information about the period of time" to "bring legal action." (Letter from Def. to Pl. dated November 3, 2015, Ex. 1 to Resp.). Consequently, the Complaint, Policy, and Letter support Defendant's formal, final denial of coverage on November 3, 2015.[2] *Cf. Williams*, 740 F. App'x at 134 ("No magic words are necessary to constitute a denial of further benefits; rather the limitations period is triggered by 'notif[ication] that [the] carrier has failed to fulfill its promise to pay a claim.'") (quoting *Grayson*, 971 P.2d at 800).

While Plaintiff contends that Defendant reassessed coverage "for approximately two years" after November 3, 2015, that contention appears only in her Response and through unauthenticated, contested exhibits not referenced by the Complaint. (*See* Resp. 9:6–10:24). The Court thus cannot rely on it to deny Defendant's Motion. *See, e.g.*, *Cornejo*, 151 F. Supp. 3d at 1107. Consequently, because Plaintiff filed her Complaint over two years and eleven

---

[2] The November 3, 2015 Letter clarifies how Defendant denied coverage for "personal property and living expense damages," yet affirmed coverage for "structural damage." (Letter from Def. to Pl. dated November 3, 2015, Ex. 1 to Resp.) ("While we are unable to provide coverage for the plumbing repair, personal property damage, or the additional living expenses; we are able to provide coverage for structural damages."). The Letter goes on to state that it "will address the covered portion of your claim under separate cover." (*Id.*). But while the language affirming coverage appears to extend the limitations period for a claim based on coverage of "structural damages," Plaintiff provides no reference date for a claim concerning structural damages other than November 3, 2015. The Complaint thus fails to present facts that can support a timely claim.

months after Defendant's November 3, 2015 Letter of denial, the Policy's suit limitation provision bars recovery.

**B. Amendment of the Complaint**

"[L]ike a motion brought under Rule 12(b)(6)," leave to amend a pleading after a successful motion under Rule 12(c) "should be granted even if no request is made unless amendment would be futile." *See, e.g.*, *Estate of Mendez v. City of Ceres*, 390 F. Supp. 3d 1189, 1198 (E.D. Cal. 2019) (citing *Pac. W. Grp., Inc. v. Real Time Sols., Inc.*, 321 F. App'x 566, 569 (2008)). Moreover, it is within the Court's discretion to grant leave to amend in conjunction with a Rule 12(c) motion or to dismiss causes of action rather than grant judgment. *Crosby v. Wells Fargo Bank, N.A.*, 42 F. Supp. 3d 1343, 1346 (C.D. Cal. 2014) ("Courts have discretion to grant Rule 12(c) motions with leave to amend."); *Brown v. Mt. Grant Gen. Hosp.*, No. 3:12-cv-00461-LRH, 2013 WL 129406, at *3 (D. Nev. Jan. 9, 2013).

Plaintiff's assertions in her Response about Defendant reassessing coverage beyond November 3, 2015, become relevant in the context of granting leave to amend her Complaint. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). In effect, these assertions slightly resemble the facts in *Walker v. American Bankers Insurance Group*, where the court explained how continued negotiations even after a "formal denial of liability" operated to toll an insurance policy's time-limitation provision. *Walker*, 836 P.2d at 63. Though Defendant argues that Plaintiff's own Complaint illustrates the November 3, 2015 Letter formally and finally denying coverage for at least damages of personal property and living expenses, Plaintiff's Response claims a broad reassessment of coverage not limited to damages outside those two categories. (Resp. 9:6–15). The November 3, 2015 Letter even includes a sentence stating that Defendant might reconsider the denial if Plaintiff provides "new or different information or documentation." (Letter from Def. to Pl. dated November 3, 2015, Ex. 1 to Resp.).

Plaintiff did not propose an amended complaint with her Response, and so the Court cannot definitively find that amendment based on new facts would support a timely action against Defendant. But amendment at least does not appear futile. Plaintiff accordingly may attempt to cure the deficiencies discussed above by filing an amended complaint within twenty-one days from the date of this Order. Additionally, because the Court permits amendment of Plaintiff's Complaint, this Order need not address Plaintiff's alternative arguments about converting Defendant's Motion into one for summary judgment, considering evidence outside the Complaint, authorizing additional discovery, or Defendant waiving the Policy's time-limitation provision. (*See* Resp. 5:4–9:15). Plaintiff may make these arguments in future motions, if applicable.[3]

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings, (ECF No. 20), is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff has twenty-one days from the date of this Order to file an amended complaint. If Plaintiff fails to file an amended complaint by that time, the Court will enter judgment accordingly and close the case.

**DATED** this __7__ day of February, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[3] Also absent from Plaintiff's Response is an argument that the Policy's limitation provision is invalid under public policy grounds or that the limitation provision is limited to breach of contract claims. The Court therefore does not address these issues at this stage.